UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| XY, LLC, | § | |
| | § | |
| Plaintiff/ | § | |
| Counter Defendant, | § | |
| | § | |
| v. | § | Miscellaneous Action No. 1:14-mc-00778-CRC |
| | § | |
| TRANS OVA GENETICS, LC, | § | |
| | § | |
| Defendant/ | § | |
| Third Party Plaintiff/ | § | |
| Counter Claimant, | § | |
| | § | (This action currently is pending in the United |
| | § | States District Court for the District of Colorado |
| | § | as Case No. 1:13-CV-00876-WJM-BNB) |
| INTREXON CORPORATION, | § | |
| | § | |
| Third Party Movant. | § | |

**XY'S MOTION TO TRANSFER
INTREXON'S MOTION TO QUASH SUBPOENA FOR DOCUMENTS AND
DEPOSITION OF 30(B)(6) WITNESS AND ALTERNATIVELY
FOR A PROTECTIVE ORDER**

1.  Pursuant to Federal Rule of Civil Procedure 45(f), XY, LLC files this Motion to Transfer Intrexon's Motion to Quash Subpoena for Documents and Deposition of 30(b)(6) Witness and Alternatively for a Protective Order to the United States District Court for the District of Colorado.

2.  XY served a subpoena on Intrexon for documents related to Intrexon's recent acquisition of a company called Trans Ova Genetics, which Intrexon now seeks to quash. This dispute stems from XY and Trans Ova's underlying litigation in the United States District Court for the District of Colorado, which concerns many complex issues, including patent infringement, patent validity, and antitrust allegations. *See XY, LLC v. Trans Ova Genetics, L.C.*, U.S. District Court, District of Colorado, No. 1:13-CV-00876-WJM-BNB. In that case, Trans Ova is a terminated XY patent licensee who has accused XY of monopolizing the alleged market

1

for sex-selected bovine semen, while seeking to retain its license and its ability to participate in that allegedly monopolized market. *Id.* Intrexon, who is not a party to litigation between XY and Trans Ova, recently acquired Trans Ova and is in possession of regulatory documents that have a direct bearing on Trans Ova's counterclaims.

3. This Court has the authority, pursuant to Fed. R. Civ. P. 45(f), to transfer Intrexon's Motion to Quash to the District of Colorado. Such a transfer would be in the interests of judicial economy because the court there is already familiar with the complex facts and issues in the underlying litigation, and because Intrexon is already materially involved in the underlying litigation.

4. Accordingly, for the reasons set forth above, and as explained more fully in the accompanying Memorandum of Points and Authorities, XY respectfully requests that this Court issue an order transferring Intrexon's Motion to Quash to the U.S. District Court for the District of Colorado. A proposed order is attached.

Dated:   August 13, 2014                          Respectfully submitted,

                                                   /s/ Stanley Woodward
                                                  *Attorneys for XY, LLC*
                                                  Stanley Woodward, D.C. Bar No. 997320
                                                  sewoodward@akingump.com
                                                  Akin Gump Strauss Hauer & Feld LLP
                                                  1333 New Hampshire Avenue, N.W.
                                                  Robert S. Strauss Building #400
                                                  Washington, D.C. 20036-1564
                                                  Telephone: 202.887.4000
                                                  Facsimile: 202.887.4288

Of Counsel:

Kirt S. O'Neill
Daniel L. Moffett
George Andrew Lever Rosbrook
Akin Gump Strauss Hauer & Feld LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Telephone: 210.281.7000
Facsimile: 210.224.2035