UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| XY, LLC, | § | |
| | § | |
| Plaintiff/ | § | |
| Counter Defendant, | § | |
| | § | |
| v. | § | Miscellaneous Action No. 1:14-mc-00778-CRC |
| | § | |
| TRANS OVA GENETICS, LC, | § | |
| | § | |
| Defendant/ | § | |
| Third Party Plaintiff/ | § | |
| Counter Claimant, | § | |
| | § | (This action currently is pending in the United |
| | § | States District Court for the District of Colorado |
| | § | as Case No. 1:13-CV-00876-WJM-BNB) |
| INTREXON CORPORATION, | § | |
| | § | |
| Third Party Movant. | § | |

**XY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER
INTREXON'S MOTION TO QUASH SUBPOENA FOR DOCUMENTS AND
DEPOSITION OF 30(B)(6) WITNESS AND ALTERNATIVELY
FOR A PROTECTIVE ORDER**

# TABLE OF AUTHORITIES

**CASES**

*Chem-Aqua, Inc. v. Nalco Co.*, 3:14-MC-71-D-BN, 2014 WL 2645999 (N.D. Tex. June 13, 2014) ................................................................................................................................... 3
*FTC v. A+Fin. Ctr., LLC*, No. 1-13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) . 3
*Patriot Nat'l Ins. Grp. V. Oriska Ins. Co.*, No. 6:13-MC-0048, 2013 WL 5347103, at *3 (N.D.N.Y. Sept. 23, 2013) ................................................................................................. 3
*Wultz v. Bank of China, Ltd.*, 88 Fed. R. Serv. 1304 (D.D.C. 2014) ................................................ 3

**OTHER AUTHORITIES**

2013 Advisory Committee Notes regarding Rule 45 ......................................................................... 2

**RULES**

Fed. R. Civ. P. 45(a)(2) ................................................................................................................. 1
Federal Rule of Civil Procedure 45(f) ......................................................................................... 1, 2

1.      Pursuant to Federal Rule of Civil Procedure 45(f), XY, LLC files this memorandum in support of its Motion to Transfer Intrexon's Motion to Quash to the United States District Court for the District of Colorado.  Counsel for XY discussed transferring Intrexon's Motion to Quash with counsel for Intrexon, and counsel for Intrexon did not consent to the transfer.  This motion is therefore opposed.

## I.      Introduction

2.      XY served a subpoena on Intrexon for documents related to Intrexon's recent acquisition of a company called Trans Ova Genetics, which Intrexon now seeks to quash.  *See* Ex. 1, Intrexon's Motion to Quash Subpoena.  This dispute stems from XY and Trans Ova's underlying litigation in the United States District Court for the District of Colorado, which concerns many complex issues, including patent infringement, patent validity, and antitrust allegations.  *See* Ex. 2, Colorado Complaint; Ex. 3 Colorado Counterclaims. In that case, Trans Ova is a terminated XY patent licensee who has accused XY of monopolizing the alleged market for sex-selected bovine semen, while seeking to retain its license and its ability to participate in that allegedly monopolized market.  *Id*.

3.      Intrexon, who is not a party to litigation between XY and Trans Ova, recently acquired Trans Ova.  This acquisition means that Intrexon must provide the FTC with pre-merger clearance documents to determine whether Intrexon's acquisition of Trans Ova should be blocked on antitrust grounds.  15 U.S.C. 18a; Ex. 4, Intrexon Press Release (stating that the acquisition is subject to pre-merger clearance).  XY's subpoena of Intrexon seeks documents related to this FTC submission because those documents constitute the very core of Trans Ova's antitrust allegations in the underlying litigation. Ex. 5, Subpoena.  Pursuant to Fed. R. Civ. P. 45(a)(2), XY issued the subpoena from the District of Colorado, where the underlying litigation is pending.  *Id*.

4.      Moreover, Intrexon has already inserted itself into the underlying litigation.  Even though Intrexon is not a named party, it immediately took on a material role in the underlying

litigation after the acquisition was completed.  *See* Ex. 6, Colorado Motion.  According to Trans

Ova's own representations to the Colorado court, "Intrexon's management will have a significant

role in formulating Trans Ova's settlement position" and Intrexon "will formulate a plan for

settlement."  Moreover, because XY has requested similar documents from Trans Ova in the

underlying litigation, there is a likelihood that the Colorado court may consider many of the

same issues regarding relevancy and privilege that Intrexon raises in its motion to quash.

> 5. XY asks that this Court transfer Intrexon's Motion to Quash to the District of

Colorado because the court there is already familiar with the complex facts and issues in the

underlying litigation, and because Intrexon is already materially involved in the underlying

litigation.

## II.    Argument

### A.    Rule 45(f) Gives the Court the Authority to Transfer the Subpoena

> 6. Recent amendments to Rule 45 indicate that the best place for resolving

subpoena-related disputes is in the court in which the underlying action is pending.  *See* Fed. R.

Civ. P. 45.  Specifically, Rule 45(f) now expressly provides a mechanism to transfer subpoena-

related motions back to the court where the underlying action is pending.  Fed. R. Civ. P. 45(f).

According to the 2013 Advisory Committee Notes regarding Rule 45, such transfers are

warranted "to avoid disrupting the issuing court's management of the underlying litigation."

Amendments to the Federal Rules of Civil Procedure, House Doc. 113-29 (May 15, 2013),

*available at* http://www.gpo.gov/fdsys/pkg/CDOC-113hdoc29/pdf/CDOC-113hdoc29.pdf at 63.

The "prime concern" in considering transfer is to avoid imposing too great a burden on the

person subject to the subpoena.  *Id*.  If the interest in enabling the court where underlying

litigation is pending to successfully manage that litigation is greater than the interest in obtaining

local resolution of the motion for the person subject to the subpoena, then transfer to the court

where the underlying action is pending is appropriate.  *Id*.

7.      A number of courts have recognized the propriety of transferring subpoena-related motions to quash when transferring the matter is in "the interests of judicial economy and avoiding inconsistent results." *Wultz v. Bank of China, Ltd.*, 88 Fed. R. Serv. 1304 (D.D.C. 2014). *See also Chem-Aqua, Inc. v. Nalco Co.*, 3:14-MC-71-D-BN, 2014 WL 2645999 (N.D. Tex. June 13, 2014); *FTC v. A+Fin. Ctr., LLC*, No. 1-13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013); *Patriot Nat'l Ins. Grp. V. Oriska Ins. Co.*, No. 6:13-MC-0048, 2013 WL 5347103, at *3 (N.D.N.Y. Sept. 23, 2013).  Courts appear especially willing to transfer a subpoena-related proceeding where the transferee court would be in a much better position to evaluate the discovery dispute given its familiarity with the facts, legal issues, and procedural history of the underlying action.  In *Wultz*, for instance, the court found that the transferee judge was "in a better position to rule on the intervenors' motion to quash or modify the subpoena due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation."  88 Fed. R. Serv. 1304, at *8.  As described more below, the Colorado court has already dealt with discovery issues in the underlying litigation and is in a better position to rule on Intrexon's motion to quash, and so the motion to quash should be transferred to that court.

## B.      The District of Colorado is Better Situated to Evaluate Issues Associated with the Subpoena to Intrexon

8.      XY seeks to transfer this proceeding to the United States District Court for the District of Colorado because that court is more familiar with the complex procedural history, factual disputes, and legal issues of the underlying action.

9.      The District of Colorado is in a better position to determine whether and how the subpoena to Intrexon fits into the larger puzzle of the underlying litigation.  Intrexon is asserting numerous objections to the subpoena, including objections based on relevance and that XY should be able to obtain the relevant documents from Trans Ova, a party to the underlying litigation.  As the cases above demonstrate, these fact-specific objections in a complex case are

precisely the kinds of issues that should be determined by the court of the underlying litigation given that court's familiarity with the case.

10.     Moreover, transferring this subpoena-related proceeding to the court for the underlying litigation would enable that court to better manage the underlying litigation's docket. Because of the timing of the events giving rise to the subpoena at issue here, XY has had to seek extensions of discovery from the magistrate judge in Colorado appointed to handle such issues. Indeed, when the Colorado district court granted XY leave to pursue discovery against Intrexon, it simultaneously granted XY leave to pursue related discovery from Trans Ova, the other party to the case.  Ex. 7, Order Granting Motion for Leave to Pursue Discovery.  Thus, the subject matter raised by Intrexon's motion to quash is already before the Colorado court.  Moreover, the parties are nearly a month away from a pre-trial conference with the Colorado court, and transferring this proceeding will enable it to better coordinate all remaining discovery matters and set the case for trial.

11.     In contrast, Intrexon—a Virginia corporation and the "person" subject to XY's subpoena—has minimal interest in resolving subpoena-related disputes in the District Court for the District of Columbia.  Indeed, by virtue of its acquisition, Intrexon is already materially participating in the Colorado litigation.  Just this week, Trans Ova sought an extension of time to submit settlement positions to the Colorado court because "Intrexon's management will have a significant role in formulating Trans Ova's settlement position" and Intrexon needs the additional time "to become more familiar with [the Colorado litigation] and to formulate a plan for settlement."  Ex. 6, Colorado Motion at 2.  Transferring this proceeding to the District of Colorado thus presents no burden to Intrexon.

## III.     Conclusion

For all the foregoing reasons, XY respectfully requests that this Court transfer Intrexon's Motion to Quash to the District of Colorado so that the dispute can be decided by the court of the underlying litigation.

Dated:      August 13, 2014                    Respectfully submitted,


                                               _/s/ Stanley Woodward_____
                                               *Attorneys for XY, LLC*
                                               Stanley Woodward, D.C. Bar No. 997320
                                               sewoodward@akingump.com
                                               Akin Gump Strauss Hauer & Feld LLP
                                               1333 New Hampshire Avenue, N.W.
                                               Robert S. Strauss Building #400
                                               Washington, D.C. 20036-1564
                                               Telephone: 202.887.4000
                                               Facsimile:  202.887.4288

Of Counsel:

Kirt S. O'Neill
Daniel L. Moffett
George Andrew Lever Rosbrook
Akin Gump Strauss Hauer & Feld LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Telephone: 210.281.7000
Facsimile:  210.224.2035

5